UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0801
FAX (410) 962-0820

February 21, 2002

MEMORANDUM TO COUNSEL RE:

Bedsworth v. Somerset County Economic Development Commission
Civ. No. AMD 00-2258 — 02-145

It came to my attention on February 20, 2002, that a copy of a letter dated February 6, 2002, addressed to counsel for defendants from counsel for plaintiff, memorializing defendants' agreement to grant an extension of time to plaintiff within which to respond to defendants' dispositive motion, was received by the clerk of this court on or about February 8, 2002. Unfortunately, plaintiff's counsel did not send a copy of the letter to my chambers and the clerk did not docket the letter in the court file. Thus, I never learned that plaintiff wished to have an extension of time (which, of course, only the court can grant, even with the agreement of opposing counsel). The docket clerks of this court would not have understood the request to "record" the letter in the file as a request to "docket" the letter. Accordingly, the letter was simply (and appropriately) filed in the court file on the "left side" as correspondence. Consequently, when I checked the docket from my personal computer in chambers, the letter did not show up because it had not been docketed. As you know, on February 14, 2002, in a memorandum and order filed on that date, there having been no response to the defendants' dispositive motion, I presumed that plaintiff's counsel was taking the route of going back to state court and allowing a dismissal of the questionable federal claim he had inserted into the case in the amended complaint. I dismissed the federal claims with prejudice and remanded the state law claims.

I am not certain what, if anything, plaintiff would like to do. Apparently, a member of the office staff of plaintiff's counsel spoke to a deputy clerk yesterday and stated that plaintiff would be filing a motion for reconsideration. While there is case law authority to the effect that a district court may not reconsider an order of remand, that principle probably applies only to remands for lack of jurisdiction. Here, I exercised my discretion not to exercise supplemental jurisdiction over the state law claims; I am unsure whether the prohibition on reconsideration applies.

It may be that plaintiff will be content to forego the federal claims and simply pursue the state law claims in state court. In any event, I will look at whatever may be filed.

Very truly yours,

Andre M. Davis
United States District Judge

AMD:tt
cc: Court file

